# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RAYMOND J. COOK,                )
                                )
                  Petitioner,   )
                                )
v.                              )        Case No.  4:13-CV-1083 NAB
                                )
JAY CASSADY,                    )
                                )
                  Respondent.   )

## MEMORANDUM AND ORDER

This action is before the Court on Petitioner Raymond J. Cook's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Jay Cassady filed a response to the Petition for Writ of Habeas Corpus. [Doc. 16.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 19.] For the reasons set forth below, Cook's petition for writ of habeas corpus will be denied.[1]

---

[1] Cook completed his sentence and was released without conditions in February of 2016. Nevertheless, this Court has jurisdiction because Cook was incarcerated on the challenged conviction when he filed his petition. *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) ("in custody" and case-or-controversy requirements met if petitioner is incarcerated on challenged conviction at time of filing); *Hanson v. Passer*, 13 F.3d 275, 278 n.1 (8th Cir. 1994) (court retains jurisdiction even if, after filing, petitioner completes his sentence and is released) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238–39, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968)).

## I. Background

In an information filed on May 31, 2011 in the Circuit Court of Scotland County, Missouri, Cook was charged with Driving while Intoxicated as a Persistent Offender in violation of Mo. Rev. Stat. § 577.010, Driving without a Valid License in violation of Mo. Rev. Stat. § 302.020, and Consumption of Alcoholic Beverages while Operating a Moving Vehicle upon the Highways in violation of Mo. Rev. Stat. § 577.017. (Pet. Ex. F.) Cook was charged as a persistent offender based on a September 17, 2001 plea to Driving while Intoxicated and an October 24, 2005 plea to Involuntary Manslaughter – Vehicular – Intoxicated, both in the Circuit Court of McDonald County, Missouri. (*Id.*) On February 15, 2012, Cook pled guilty to the DWI count, the remaining counts were dismissed, and Cook was sentenced to two years in the Missouri Department of Corrections, to run concurrent with a four-year sentence for Driving while Intoxicated as a Persistent Offender imposed on February 8, 2012 in the Circuit Court of Macon County, Missouri. (Pet. Ex. G; Resp't Ex. A.) Cook filed his Petition for Writ of Habeas Corpus in this court on May 10, 2013. [Doc 1.] Respondent filed a response in opposition and Cook filed a reply. [Docs. 16, 20.]

## II. Discussion

Cook did not raise his claims in a direct appeal or post-conviction motion. Therefore, the claims in his petition are procedurally defaulted. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Cook has not demonstrated adequate cause to excuse this default. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). He cites a May 15, 2012 letter from Assistant Public Defender Alexa I. Pearson as the reason he did not file a post-conviction motion. However, the letter concerns the appeal of his Macon County DWI conviction, not the Scotland County conviction he challenges here. Moreover, the letter advises him that his post-

conviction motion is not due until after his appeal is completely over and that he should not file his post-conviction motion "at this time;" the letter does not advise him that he should never file a post-conviction motion. (Pet. Ex. S.) Even if Cook's claims were not procedurally defaulted, they lack merit.

### A.      Insufficient Evidence (Grounds 1, 3, 5, 6, 7 & 8)

Cook argues that there was insufficient evidence to support his conviction. The police report of Cook's arrest states that the arresting officer was getting gas when he observed Cook's truck pull into the gas station off of US Highway 136. (Pet. Ex. C.) Cook got out of the truck and began putting air in one of the tires. According to the report, the officer approached him because the truck appeared overloaded and improperly secured. The report reflects that the officer observed multiple indicia of intoxication and learned that Cook's license was suspended. Cook was arrested for driving without a valid driver's license and for further investigation of driving while intoxicated. Cook takes issue with much of the police report. In addition, he argues that because he was standing on private property and not driving on a public highway at the time of his arrest, he cannot be guilty of the charged offenses. Finally, Cook argues that the state failed to present sufficient evidence of the predicate convictions used to charge him as a persistent offender.

A guilty plea is an admission of all the elements of a formal criminal charge and all the material facts alleged in the charge. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969); *United States v. Johnson*, 888 F.2d 1255, 1256 (8th Cir. 1989). "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757,

762, 102 L. Ed. 2d 927 (1989). "If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *Id.*; *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" unless he "attack[s] the voluntary and intelligent character of the guilty plea."). *Blackledge v. Perry* announced the exception that "[a] defendant who pleads guilty may seek to set aside a conviction based on prior constitutional claims which challenge 'the very power of the State to bring the defendant into court to answer the charge against him.'" *Haring v. Prosise*, 462 U.S. 306, 320, 103 S. Ct. 2368, 2376–77, 76 L. Ed. 2d 595 (1983) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S. Ct. 2098, 2103, 40 L. Ed. 2d 628 (1974)). The Eighth Circuit has "frequently stated the general rule to be "'that a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors.'" *United States v. Vaughan*, 13 F.3d 1186, 1187–88 (8th Cir. 1994) (quoting *Camp v. United States*, 587 F.2d 397, 399 (8th Cir. 1978)).

Cook does not challenge the voluntary or intelligent nature of his plea and "a guilty plea entered with assistance of counsel is presumed to be valid." *Hanson v. Passer*, 13 F.3d 275, 281 (8th Cir. 1994). Cook's valid guilty plea bars him from challenging the sufficiency of the evidence against him. *United States v. Alvarado-Sanchez*, 383 F. App'x 576, 577 (8th Cir. 2010). In addition, Cook need not have been driving on the highway at the time he was arrested to be guilty of a DWI. The state may prove its case through circumstantial evidence. *See State v. Baker*, No. WD 78391, 2016 WL 4366446, at *2 (Mo. Ct. App. Aug. 16, 2016) ("Circumstantial evidence can be used to prove the elements of 'driving' and 'while' when driving is not

personally observed by an eyewitness."). The Court finds that Cook's challenges to the sufficiency of the evidence should be denied.

### B. Defective Information (Grounds 4, 7 & 8)

Cook rehearses his challenges to the sufficiency of the evidence as challenges to the sufficiency of the information. As discussed above, Cook's valid guilty plea generally bars him from attacking his conviction on collateral review. A defendant who enters a valid guilty plea can assert that the charging document was insufficient "only to the extent [he] challenges the state trial court's jurisdiction." *Weisberg v. State of Minn.*, 29 F.3d 1271, 1280 (8th Cir. 1994). Cook's claims are not jurisdictional in nature and are therefore barred.

Cook further argues that the information is defective because his predicate conviction for Involuntary Manslaughter is invalid. Cook may not challenge the validity of an expired conviction used to enhance the sentence he challenges here unless this is the first and only forum available for such review. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 402–06, 121 S. Ct. 1567, 1573–75, 149 L. Ed. 2d 608 (2001). Cook does not assert that he was prevented from challenging his Involuntary Manslaughter conviction in a direct appeal or post-conviction motion in that case.

Finally, Cook argues that the information is defective because his predicate offenses are too old. This argument seems to stem from the fact that the arresting officer identified Cook as a "prior offender" in his citation for the DWI. (Pet. Ex. D.) Driving while intoxicated as a prior offender is a class A misdemeanor and requires that the predicate offense be less than five years old. *See* Mo. Rev. Stat. §§ 577.010 & 577.023. However, the information charges Cook as a persistent offender, a class D felony, and that is the offense to which he pled guilty. The Court finds that Cook's challenges to the sufficiency of the information should be denied.

### C.    Illegal Search and Seizure and Arrest (Grounds 2 & 8)

The police report of Cook's arrest states that, when the arresting officer opened the driver's door of Cook's truck to check the truck's rating for safety purposes, he observed an empty box of beer in the back seat area, an open partial box of beer in the center of the front seat, and an open can of beer in the cup holder in the center of the dash. (Pet. Ex. C.)  The report further states that with Cook's consent, the officer conducted a search of the truck and found eight more open cans of beer in the back seat area.  Cook argues that he never consented to a search of his truck.  He argues that the search of the truck and the seizure of the beer were illegal. Cook further argues that the officer did not have a sufficient basis to arrest him.  As discussed above, Cook's valid guilty plea generally bars him from attacking his conviction on collateral review.  That includes Fourth Amendment challenges to his arrest and the search and seizure. *Johnson v. Petrovsky*, 626 F.2d 72, 73 (8th Cir. 1980).  The Court finds that Cook's Fourth Amendment challenge to his arrest and the search and seizure should be denied.

### D.    Vindictive Prosecution and Use of False Evidence (Grounds 4, 5, 6, & 8)

Cook argues that he was subject to vindictive prosecution because the prosecutor was aware of his concerns regarding the validity of his prior conviction for Involuntary Manslaughter and failed to present sufficient evidence of his predicate offenses at his plea and sentencing, and because his predicate offenses were too old.  As discussed above, Cook is foreclosed from challenging the sufficiency of the evidence and the validity of his Involuntary Manslaughter conviction, and while his predicate offenses are too old to charge him as a prior offender, he was charged as a *persistent* offender.  In addition, although a claim of prosecutorial vindictiveness is cognizable despite an otherwise valid guilty plea, *Haring*, 462 U.S. at 320, Cook has not alleged

sufficient facts to support such a claim. *See United States v. Beede*, 974 F.2d 948, 951 (8th Cir. 1992) (standard for prosecutorial vindictiveness claim).

Finally, Cook argues that the arresting officer lied in his report and citations. To the extent Cook asserts a substantive due process claim based on the fabrication of evidence against him, Cook has not alleged sufficient facts to support such a claim. *See White v. Smith*, 696 F.3d 740, 753–54 (8th Cir. 2012) (standard for substantive due process claim based on manufacture of false evidence). The Court finds that Cook's prosecutorial vindictiveness and substantive due process claims should be denied.

## III.    Conclusion

Based on the foregoing, the Court finds that Cook's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Further, because Cook has made no showing of denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FINALLY ORDERED** that, for the reasons stated herein, any motion by Raymond J. Cook for a Certificate of Appealability will be **DENIED**.

Dated this 30th day of September, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

7